IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
IN ADMIRALTY

CASE NO.:_____

CONQUEST OFFSHORE BV, and CONQUEST
OFFSHORE OPERATIONS BV, individually, and
on behalf of interested underwriters,

    Plaintiffs,

v.

M/V PRETTY TEAM, her engines, apparel, tackle,
et al. *in rem;* PRETTY TEAM SHIPPING SA, a
foreign corporation *in personam*; and PARAKOU
SHIPPING, LTD., a foreign corporation *in personam*
and *quasi in rem*,

    Defendants.
_____/

**VERIFIED COMPLAINT**

Conquest Offshore BV and Conquest Offshore Operations BV, individually and on behalf of interested Underwriters, sometimes referred to as "Plaintiffs" by their attorneys, Rumrell McLeod and Brock, PLLC, complaining of the vessel M/V PRETTY TEAM, *in rem*, and Pretty Team Shipping SA, *in personam*, and Parakou Shipping, LTD, *in personam* and *quasi in rem*, (collectively "Defendants"), allege upon information and belief:

    1.    This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

    2.    At and during all the times hereinafter mentioned, Conquest Offshore BV and Conquest Offshore Operations BV were the owners of the crane barge CONQUEST MB1 and are foreign business entities with their principal place of business in Sliedrest, the Netherlands.

3. Upon information and belief, at and during all times hereinafter mentioned, Defendants, Pretty Team Shipping SA, and Parakou Shipping, Ltd., were and are foreign business entities with their principal office located in Hong Kong, Unit 1510-1512A, West Tower, Shun Tak Centre 168-200, Connaught Road Central, Central, Hong Kong, China.

4. Defendant, Parakou Shipping Ltd., is and was at all material times the owner of the M/V PRETTY TEAM (hereinafter sometimes the "Vessel").

5. Defendant, Pretty Team Shipping SA, is and was at all material times the operator/manager of the Vessel.

6. On or about March 26 to 29, 2019, the Vessel was in the process of discharging a cargo of Portland Cement at Core Industries facilities in Theodore, Alabama. The Vessel's cranes, other equipment, and crew were used in the discharging operations. At that time, the Crane Barge CONQUEST MB1 was moored at an adjacent facility.

7. Due to the failure to use reasonable care, to take proper preventative measures, or otherwise due to the negligence and fault of the Vessel and other Defendants, the cement dust from discharge operations was allowed to drift onto and contaminate the Crane Barge CONQUEST MB1 causing extensive physical damage to the barge and its gear and equipment, currently estimated to be a minimum of $1,500,000.00, plus additional damages in the form of down time, demurrage, delay, lost profits, and other consequential and incidental damages, for which Plaintiffs demand recovery from all Defendants, jointly and severally.

8. Plaintiffs have duly performed all conditions precedent, duties and obligations on its part to be performed or such have been waived.

## COUNT I – *IN REM* AGAINST M/V PRETTY TEAM

9. Plaintiffs reallege paragraphs 1 through 8 as if set forth separately herein.

10. The Defendant Vessel, M/V PRETTY TEAM, now is within the jurisdiction of this Court. Plaintiffs request that the Court permit service of the *in rem* aspect of this case, while she

is in the Port of Jacksonville, Florida and berthed at the Northside Generating Plant, along the St. Johns River, to secure its maritime tort lien against the Vessel.

11. By reason of the above-stated premises, Plaintiffs have sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in an amount currently estimated to exceed ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($1,500,000.00), plus other consequential and incidental damages, for which Plaintiffs demand recovery from the Vessel.

WHEREFORE, Plaintiffs pray:

1. That summons in due form of law may issue against Defendants;

2. That a judgment may be entered in favor of Plaintiffs against Defendants, one or more of them, jointly and severally, for the amount of Plaintiffs' damages together with interest and the costs, custodia legis expenses and disbursements of this action;

3. That a warrant of arrest, writ of attachment, and/or other process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against said Vessel, her engines, etc., that the Vessel be arrested, attached, and held as security for Plaintiffs' maritime tort lien, and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this Court will be pleased to pronounce a judgment in favor of Plaintiffs for damages together with interest, costs, custodial egis expenses and disbursements, and the Vessel may be condemned and sold to pay therefor; and

4. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

## COUNT II – *IN PERSONAM* CLAIMS

12. Plaintiffs reallege paragraphs 1 through 8 as if set forth separately herein.

3

13.     Defendants, Pretty Team Shipping SA, and Parakou Shipping, Ltd., as the owners/operators of the Vessel owed a duty to see that the crew of the Vessel were properly informed, instructed, trained and equipped to safely discharge its cement cargo without causing damage to others, that the crew would competently discharge the cement cargo without causing harm to others, and that the Vessel had the proper gear and equipment to safely discharge its cement cargo without causing damage to others.

14.     Defendants breached that duty causing harm and damage to the Plaintiffs and the Crane Barge CONQUEST MB1.

15.     By reason of the above-stated premises, Plaintiffs have sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in an amount currently estimated to exceed ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($1,500,000.00), plus other consequential and incidental damages, for which Plaintiffs demand recovery from the Defendants, Pretty Team Shipping SA, and Parakou Shipping, Ltd, jointly and severally.

WHEREFORE, Plaintiffs pray:

1.     That summons in due form of law may issue against Defendants;

2.     That a judgment may be entered in favor of Plaintiffs against Defendants, one or more of them, jointly and severally, for the amount of Plaintiffs' damages together with interest and the costs, custodia legis expenses and disbursements of this action;

3.     That a warrant of arrest, writ of attachment, and/or other process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against said Vessel, her engines, etc., that the Vessel be arrested, attached, and held as security for Plaintiffs' maritime tort lien, and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this Court will be pleased to pronounce a judgment in favor of Plaintiffs for damages

together with interest, costs, custodial egis expenses and disbursements, and the Vessel may be condemned and sold to pay therefor; and

4. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

## **COUNT III – RULE B ATTACHMENT**

16. Plaintiffs reallege paragraphs 1 through 8, 13 and 14, as if set forth separately herein.

17. As set forth in the Declaration of counsel, attached as Exhibit 1, the Defendant Parakou Shipping, Ltd. cannot be found within the District as required under Supplemental Admiralty Rule B.

18. Defendant Parakou Shipping, Ltd. has property located within the District, namely the Vessel.

19. Plaintiffs seek a writ of attachment of the Vessel to secure their claim for a maritime tort.

20. By reason of the above-stated premises, Plaintiffs have sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in an amount currently estimated to exceed ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($1,500,000.00), plus other consequential and incidental damages, for which Plaintiffs demand security for the recovery from the Defendant Parakou Shipping, Ltd, in the form of this Rule B attachment.

WHEREFORE, Plaintiffs pray:

1. That summons in due form of law may issue against Defendants;

2. That a judgment may be entered in favor of Plaintiffs against Defendants, one or more of them, jointly and severally, for the amount of Plaintiffs' damages together with interest and the costs, custodia legis expenses and disbursements of this action;

3. That a warrant of arrest, writ of attachment, and/or other process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against said Vessel, her engines, etc., that the Vessel be arrested, attached, and held as security for Plaintiffs' maritime tort lien, and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this Court will be pleased to pronounce a judgment in favor of Plaintiffs for damages together with interest, costs, custodial egis expenses and disbursements, and the Vessel may be condemned and sold to pay therefor; and

4. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

> Respectfully submitted,
> RUMRELL, MCLEOD & BROCK, PLLC
> LINDSEY BROCK, P.A.
>
> **LINDSEY C. BROCK III, ESQ.**
> Fla. Bar #971669
> Primary E-Mail: lindsey@rumrelllaw.com
> Secondary E-Mail: jennifer@rumrelllaw.com
> **LINDSAY C. TROPNAS, ESQ.**
> Fla. Bar #1003699
> Primary E-Mail: ltropnas@rumrelllaw.com
> Secondary E-Mail: jennifer@rumrelllaw.com
> 9995 Gate Parkway North, Ste. 400
> Jacksonville, Florida 32246
> (904) 996-1100 Office Telephone
> (904) 996-1120 Fax
> **Attorneys for Plaintiffs**

## **VERIFICATION**

I am a partner with the law firm Rumrell McLeod & Brock, PLLC, counsel to Plaintiffs. The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiffs made available to me by Plaintiffs. There is no authorized corporate officer of Plaintiffs readily available in the District to make this verification.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2019.

_____
Lindsey C. Brock III